**Harry LEWIS**

v.

**MELLON BANK, N.A., et al.**

**Civ. A. No. 73–790.**

United States District Court,
W. D. Pennsylvania.

June 6, 1974.

Michael Malakoff, Berger & Kapetan, Pittsburgh, Pa., for plaintiff.

J. Tomlinson Fort, Peter Denby, Pittsburgh, Pa., for defendants Hill.

Edward Mazeski, Jr., PPG Industries, Pittsburgh, Pa., for defendant PPG Industries.

## OPINION

GOURLEY, Senior District Judge:

This proceeding has been filed by plaintiff pursuant to Sections 16(b) and 27 of the Securities Exchange Act of 1934, 15 U.S.C.A. §§ 78p(b) and 78aa. Plaintiff seeks to recover short-swing profits allegedly improperly realized by the late David G. Hill as a result of Hill's purchase and sale of common shares of PPG Industries, Inc. The immediate matters before the Court are cross-motions for summary judgment filed by plaintiff and defendants.

The Court has considered the briefs of counsel for the parties, and based thereon must conclude that defendants' motion should be granted and that judgment should be entered in favor of defendants.

There is no genuine or material issue of facts, which may be briefly stated. Plaintiff is a stockholder of PPG Industries. It is his contention that the late David G. Hill, former Chairman of the Board and Director of PPG, violated § 16(b) of the Securities Exchange Act of 1934 when Mr. Hill bought and sold shares of common stock of PPG on September 29 and 30, 1971. Plaintiff further contends that any profit Hill realized should be recovered by PPG.

Section 16(b) of the Securities Exchange Act of 1934 provides as follows:

"(b) For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) within any period of less than six months, unless such security was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security purchased or of not repurchasing the security sold for a period exceeding six months . . ."

It seems clear that this section seeks to prevent a director or officer from obtaining benefits or profits which another individual not so situated outside the corporation could not have. Here, Mr. Hill exercised options to purchase stock of PPG which had been held by him for a long period of time, but Mr. Hill was not an officer or director of PPG when he bought and sold stock on September 29 and 30, 1971. There is absolutely no question that he had resigned as Director on September 28, 1971. As such his actions did not come within the purview of § 16 of the Securities Exchange Act of 1934. See Levy v. Seaton, 358 F. Supp. 1 (S.D.N.Y.1973); Lewis v. Varnes, 368 F.Supp. 45 (S.D.N.Y.1974). Since the purchase and sale took place after the resignation of Mr. Hill, the conclusion seems inescapable that there were no "short-swing profits" made which could be recovered by PPG.

In view of the foregoing, the Court must conclude that summary judgment should be entered in favor of defendants.

An appropriate Order is entered.